## Secretary of Banking v. Southwestern Building and Loan Association

538

*W. Horace Hepburn, Jr.,* for petitioners.

*Herbert P. Sundheim,* Special Deputy Attorney General, and *Emanuel W. Beloff,* contra.

STERN, P. J., July 25, 1935.—The court herewith discharges the rule on Luther E. Harr, Banking Commissioner, to show cause why the appointment of Maxwell S. Rosenfeld, Esq., should not be revoked and the property of the corporation restored into the hands of the board of directors of the association for the purpose of liquidating the association. The court takes this action for the following reasons:

1. The petition is not on behalf of the officers or the board of directors of the defendant association and therefore is not filed on behalf of the association as such but merely on behalf of individual stockholders.

2. The association continues to be insolvent in the sense that the assets are not equal in value to the capital paid in by the stockholders.

3. Most of the assets have already been liquidated and comparatively little remains to be done to complete the liquidation.

4. There is nothing shown to indicate that the liquidation under the control of the Banking Commissioner has not been efficient and economical or that any better results will be obtained by a liquidation carried on by the association itself.

5. Section 605 of the Department of Banking Code of May 15, 1933, P. L. 565, seems inferentially to indicate that where possession has been taken by the Secretary

of Banking a request to require the secretary to show cause why he should not be enjoined from continuing as receiver must be made within 10 days after the secretary has become receiver. The present application is made almost a year after the Secretary of Banking took possession of the defendant association.

6. If there are any specific acts of the Secretary of Banking of commission or omission as to which the petitioner has any complaint, they can be considered by the court upon proper application to that effect without any necessity of revoking the receivership.